DURIE TANGRI LLP
MICHAEL H. PAGE (SBN 154913)
mpage@durietangri.com
MARK A. LEMLEY (SBN 155830)
mlemley@durietangri.com
JOSEPH C. GRATZ (SBN 240676)
jgratz@durietangri.com
217 Leidesdorff Street
San Francisco, CA 94111
Telephone: 415-362-6666
Facsimile:  415-236-6300

Attorneys for Defendants
WTV SYSTEMS, INC. f/k/a WTV SYSTEMS, LLC
and VENKATESH SRINIVASAN

Copy

FILED
2011 MAY 16 PM 4:19
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY ___

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| WARNER BROS. ENTERTAINMENT INC., COLUMBIA PICTURES INDUSTRIES, INC., DISNEY ENTERPRISES, INC., PARAMOUNT PICTURES CORPORATION, TWENTIETH CENTURY FOX FILM CORPORATION, and UNIVERSAL CITY STUDIOS PRODUCTIONS LLLP,<br><br>Plaintiff,<br><br>v.<br><br>WTV SYSTEMS, INC. and WTV SYSTEMS, LLC d/b/a ZEDIVA, and VENKATESH SRINIVASAN,<br><br>Defendants. | Case No. CV 11-02817-JFW-E<br><br>**DEFENDANTS' ANSWER AND COUNTERCLAIM**<br><br>**DEMAND FOR JURY TRIAL**<br><br>Ctrm:   16<br>Judge:  John F. Walter |

| | |
|---|---|
| 1 | WTV SYSTEMS, INC. and WTV SYSTEMS, LLC d/b/a ZEDIVA, and VENKATESH SRINIVASAN, |
| 2 | |
| 3 | |
| 4 | Counterclaimants, |
| 5 | v. |
| 6 | WARNER BROS. ENTERTAINMENT INC., COLUMBIA PICTURES INDUSTRIES, INC., DISNEY ENTERPRISES, INC., PARAMOUNT PICTURES CORPORATION, TWENTIETH CENTURY FOX FILM CORPORATION, and UNIVERSAL CITY STUDIOS PRODUCTIONS LLLP, |
| 7 | |
| 8 | |
| 9 | |
| 10 | |
| 11 | Counterdefendants. |

Defendants WTV Systems, Inc. f/k/a WTV Systems, LLC ("Zediva"), and Venkatesh Srinivasan (collectively, "Defendants") respond as follows to the Complaint for Copyright Infringement ("Complaint") filed by plaintiffs Warner Bros. Entertainment Inc., Columbia Pictures Industries, Inc., Disney Enterprises, Inc., Paramount Pictures Corporation, Twentieth Century Fox Film Corporation, and Universal City Studios Productions LLLP ("Plaintiffs").

## NATURE OF THE ACTION

1.  Defendants admit that WTV Systems, Inc. operates a DVD rental service using the trademark "Zediva." Defendants admit that the web page http://www.zediva.com/about contains the sentence, "We're a small team of people working hard to bring new release and popular movies to the Internet; at possibly the lowest prices around." Defendants admit that the web page http://www.zediva.com/faq contains the sentence, "Using Zediva you can rent and instantly watch new movies much earlier (often several weeks or months) than either Netflix or Redbox." Defendants deny the remaining allegations of this paragraph.

2.  The allegations of the first, second, third, and fifth sentences of this paragraph constitute legal conclusions to which no response is required; to the extent a response is deemed necessary, those allegations are denied. Defendants are without knowledge or information sufficient to admit or deny the allegations of the fourth sentence of this paragraph, and on that basis deny them.

3.  Defendants admit that the web page http://www.zediva.com/faq states, "When you rent a movie on Zediva, you are renting both a DVD and DVD Player in our data center. During the period of the rental, the DVD and the DVD Player can only be used by you." Defendants admit that the document located at http://www.zediva.com/ZedivaFCCLetter-12102010.pdf contains the following text:

> Zediva enables its users to rent DVDs, and watch their rentals instantly on their computer, without needing to pick up a physical copy of the DVD. Just like with Sony's LocationFree®, or Sling Media's Slingbox® devices, our technology allows a user to remotely "PlaceShift" their media to their viewing location over the Internet using streaming technologies.

Defendants admit that plaintiffs have received full value for the genuine, lawfully-made DVDs that Zediva has purchased, and that no further compensation is necessary for the uses Zediva makes of those DVDs. Defendants deny any remaining allegations of this paragraph.

4. Defendants deny the allegations of the first three sentences of this paragraph. Defendants admit that the document located at http://www.zediva.com/ZedivaFCCLetter-12102010.pdf contains the following text:

> Zediva enables its users to rent DVDs, and watch their rentals instantly on their computer, without needing to pick up a physical copy of the DVD. Just like with Sony's LocationFree®, or Sling Media's Slingbox® devices, our technology allows a user to remotely "PlaceShift" their media to their viewing location over the Internet using streaming technologies.

The remaining allegations of this paragraph constitute legal conclusions to which no response is required; to the extent a response is deemed necessary, those allegations are denied.

5. The allegations of this paragraph constitute legal conclusions to which no response is required; to the extent a response is deemed necessary, those allegations are denied.

6. The allegations of this paragraph constitute legal conclusions to which no response is required; to the extent a response is deemed necessary, those allegations are denied.

## THE PARTIES

7. Defendants are without knowledge or information sufficient to admit or deny the allegations of this paragraph, and on that basis deny them.

8. Defendants are without knowledge or information sufficient to admit or deny the allegations of this paragraph, and on that basis deny them.

9. Defendants are without knowledge or information sufficient to admit or deny the allegations of this paragraph, and on that basis deny them.

10. Defendants are without knowledge or information sufficient to admit or deny the allegations of this paragraph, and on that basis deny them.

11. Defendants are without knowledge or information sufficient to admit or deny the allegations of this paragraph, and on that basis deny them.

12. Defendants are without knowledge or information sufficient to admit or deny the allegations of this paragraph, and on that basis deny them.

13. Defendants are without knowledge or information sufficient to admit or deny the allegations of this paragraph, and on that basis deny them.

14. Defendants admit that Defendant WTV Systems, Inc., formerly known as WTV Systems, LLC, is incorporated under the laws of the State of Delaware with its principal place of business at 1549 Bedford Avenue, Sunnyvale, California 94807. Defendants deny any remaining allegations of this paragraph.

15. Defendants admit that Defendant WTV Systems, Inc., formerly known as WTV Systems, LLC, is incorporated under the laws of the State of Delaware with its principal place of business at 1549 Bedford Avenue, Sunnyvale, California 94807. Defendants deny any remaining allegations of this paragraph.

16. Defendants admit that Defendant Venkatesh Srinivasan resides at 1549 Bedford Avenue, Sunnyvale, California 94807.

## JURISDICTION AND VENUE

17. Defendants admit that this Court has subject matter jurisdiction over Plaintiffs' claim.

18. Defendants admit that this Court has personal jurisdiction over Defendants.

## BACKGROUND FACTS

19. Defendants are without knowledge or information sufficient to admit or deny the allegations of this paragraph, and on that basis deny them.

20. Defendants are without knowledge or information sufficient to admit or deny the allegations of the first sentence of this paragraph, and on that basis deny them. Defendants admit that, because no express permission is necessary to operate the Zediva service, Zediva has neither sought nor received such permission from Plaintiffs. Defendants deny any remaining allegations of this paragraph.

21. Defendants admit that Plaintiffs sell copies of their movies on DVD, and that Zediva buys such copies and makes them available for rental. Defendants are without knowledge or information sufficient to admit or deny the remaining allegations of this paragraph, and on that basis deny them.

22. Defendants are without knowledge or information sufficient to admit or deny the allegations of the first sentence of this paragraph, and on that basis deny them. Defendants deny the remaining allegations of this paragraph.

23. Defendants admit that Zediva operates a web site located on the Internet at http://www.zediva.com. Defendants deny that Zediva began operating its service on March 16, 2011, as the service had been operating for a substantial period before that date. Defendants admit that the web page cited in footnote 6 of the Complaint contains the text, "On Wed March 16th we officially launched!," and that Zediva launched an enhanced website and sought press coverage on March 16th, 2011. Defendants deny the remaining allegations of this paragraph.

24. Defendants admit that the web page cited in footnote 7 of the Complaint includes the text, "Zediva lets you watch new movies online. Just pick the movie you want to watch and enjoy." Defendants admit that the web page http://alltopstartups.com/2011/03/23/zediva-is-the-new-netflix-with-a-controversial-twist/ contains the text, "'Our goal is to have the top 100 movies of the last 12 months at any time,' said Venky Srinivasan, co-founder and CEO." Defendants admit that the web page http://www.xconomy.com/san-francisco/2011/03/16/zediva-launches-online-dvd-viewing/ contains the text, "'Zediva is designed to allow anyone to enjoy new releases at an affordable price point.' Zediva founder and CEO Venky Srinivasan said in a statement." Defendants deny the remaining allegations of this paragraph.

25. Defendants admit that the screenshots reproduced in this paragraph of the Complaint depict the cited Zediva web pages as of some date in the past, but Defendants deny that they depict the cited Zediva web pages as of April 1, 2011. Defendants deny the remaining allegations of this paragraph.

26. Defendants admit that the web page http://www.zediva.com/faq contains the text, "Using Zediva you can rent and instantly watch new movies much earlier (often several weeks or months) than either Netflix or Redbox." Defendants admit that Zediva currently charges rental fees of as little as $1 per rental. Defendants are without knowledge or information sufficient to admit or deny the remaining allegations of this paragraph, and on that basis deny them.

27. Defendants admit that the web page http://techland.time.com/2011/03/16/zedivas-movie-rentals-are-50-cheaper-than-itunes/ contains the text, "Zediva shaves down its pricing by cutting movie studios out of the equation. Instead of negotiating streaming rights, the company buys up DVDs at retail and uses place-shifting technology to stream the video out of a Silicon Valley data center. Think Slingbox on a massive scale, but with DVD

1 players instead of cable boxes." Defendants deny any remaining allegations of this
2 paragraph.
3     28. Denied.
4     29. Denied.
5     30. Defendants admit that the web page http://www.zediva.com/faq
6 contains the following text:

> When you rent a movie from Zediva, you have up to 14 days to complete watching the movie. Each time you rent the movie, you receive control of that DVD for 4 hours.
>
> If you get interrupted while watching a movie or don't want to watch it all at once, you can return to Zediva and rent the movie again without additional charge for up to 14 days. Just return to the movie page and click on "Rent". No movie credits will be deducted from your account after the first rental -- during the free re-rental period.
>
> A special note on long pauses: Your DVD will be automatically returned if you leave it on pause for an hour or more. This is out of consideration to other users who may be waiting to rent the DVD. If your rental is auto-returned, you can re-rent the disc anytime within the free re-rental period (subject to availability).

Defendants deny any remaining allegations of this paragraph.

    31. Defendants admit that, like any business, Zediva hopes to expand. Defendants admit that the web page http://www.zediva.com/faq contains the text, "We currently support PC, MAC, Google TV and Android devices with Android 2.1 or later. We are working hard to add support for iPhone/iPad and game consoles like Xbox, PS3." Defendants admit that the web page http://www.zediva.com/about contains the text, "We hope to quickly expand the number of platforms and devices we can serve in 2011." Defendants deny the remaining allegations of this paragraph.

    32. Defendants admit that Venkatesh Srinivasan is Founder and CEO of Zediva. Defendants deny the remaining allegations of this paragraph.

33. Denied.

34. Defendants admit that the web page http://zedivamovies.blogspot.com/2011/03/genesis-of-zediva.html is a blog post which lists Srinivasan as its author and contains the following text:

> While working on a project with Michel Billard (co-founder of Zediva), I wondered aloud: "How neat it would be if there were an escrow service I could send my rented DVDs to and watch them remotely over the internet". (Yes, I think I actually used the word "neat"). The rest as they say is history. We set out to build that service - and with a few tweaks here, and a modification there, Zediva was born.
>
> The escrow service itself turned out not to be such a great idea. The handling costs, it seemed, would be unwieldy -- and the customer proposition seemed too complicated. Instead we found the economics of renting a DVD directly were far more compelling.

Defendants admit that Srinivasan is one of four named inventors on a patent application titled, "Remote Rental of Digital Content Peripheral Storage Entities," United States Patent Application No. US2010/0125529 A1, filed November 18, 2009 and published May 20, 2010. Defendants admit that WTV Systems, Inc., formerly known as WTV Systems, LLC, like many early-stage startups, currently receives mail at the home of one of its founders. Defendants deny the remaining assertions of this paragraph.

35. Defendants admit that, like the Founder and CEO of any early-stage startup, Srinivasan is involved in the operations of the company he founded. Defendants admit that, as befits the Founder and CEO of the company, Srinivasan is the first of five members of the "Core Team" listed on Zediva's website at http://www.zediva.com/about. Defendants admit that Srinivasan is listed as the author of a post on the Zediva blog at http://zedivamovies.blogspot.com/2011/03/launch-day-recap.html which contains the following text:

> When we spoke to the press, we sensed that they were excited by the story. Though we could hardly imagine what was to follow. Just about everyone we spoke to, immediately published a story. Within a day, we were covered in The New York Times, Wall Street Journal, just about every major news outlet -- and dozens of others. Getting featured on the Yahoo! homepage drove huge volumes of traffic our way, and our servers got overwhelmed.
>
> We were disappointed that we couldn't handle the traffic. It meant that we weren't available for our new or returning customers -- this was upsetting; we aim to be a very customer focused company, and here we were on day one, disappointing you. We had a long night, but were back in business just after midnight.

Defendants deny the remaining allegations of this paragraph.

36. Defendants admit that many journalists have interviewed Srinivasan about the company he founded. Defendants admit that Srinivasan has likened Zediva to "a really really long video cable and really long remote control cable connected to the DVD player" in the cited letter to the FCC. Defendants admit that the cited Washington Post article contains the text, "'It's like watching with a long cable and a long remote control,' said Venky Srinivasan, Zediva's CEO and co-founder in an interview," and that the article's author, Hayley Tsukayama, confirmed that "In fact, it's just like renting a DVD for two weeks." Defendants admit that a March 16, 2011 Zediva press release, which has been quoted by the press, quotes Srinivasan as follows: "Until now, users had to pay premium prices or drive down to the store to rent new release movies; Zediva is designed to allow anyone to enjoy new releases at an affordable price point." Defendants admit that the web page http://business.financialpost.com/2011/03/16/zediva-launches-netflix-rival/ contains the following text:

> It is unclear whether Zediva will face legal challenges from Hollywood studios by not adhering to the same 28-day delay as other companies in the sector. However, the

company is confident that its actions are in line with relevant laws.

"The 28 day delay is really a contractual agreement and we are not party to that contract," explained Mr. Srinivasan.

"Companies like Redbox, Netflix, Blockbuster, all of them, they all rent DVDs to some extent or another from DVDs they've purchased on the open market. So we're doing exactly the same thing; we're purchasing market price DVDs, we pay market price for them and we rent them to our customers."

Defendants deny the remaining allegations of this paragraph.

37. Denied.

38. Defendants admit that the cited letter to the FCC contains the text, "By enabling users to watch new DVDs online, our service may be perceived to directly compete with the Video-on-Demand service, PayPerView or other PayTV services offered by cable providers and, in some cases, the providers of fiber networks and wireless networks. At the same time, we depend on the broadband Internet access service offered by these providers to reach our users." Defendants deny the remaining allegations of this paragraph.

39. Defendants admit that the Zediva service is fully compliant with the law, and that Zediva co-founder Vivek Gupta was quoted in the San Francisco Chronicle article cited in this paragraph of the Complaint as saying, "We believe there is precedent for what we are doing and that we are fully compliant with the law." Defendants deny the remaining allegations of this paragraph.

## FIRST CAUSE OF ACTION

**(Copyright Infringement, 17 U.S.C. §§ 106(4) and 501)**

40. Defendants incorporate herein by reference each and every averment contained in the foregoing paragraphs.

41. Denied.

42. Denied.

1  43.  Denied.
2  44.  Denied.
3  45.  Denied.
4  46.  Denied.
5  47.  Denied.

## PRAYER FOR RELIEF

Defendants deny that Plaintiffs are entitled to the relief requested in its Prayer for Relief, or to any relief whatsoever.

## JURY DEMAND

Defendants hereby request a trial by jury on all issues so triable.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

48.  Plaintiffs' claim is barred by the limitations on copyright liability set forth in 17 U.S.C. § 512.

### Second Affirmative Defense

49.  Plaintiffs' claim is barred by the defense of fair use.

### Third Affirmative Defense

50.  Plaintiffs' claim is barred because Plaintiffs have granted an express or implied license to some or all of the works at issue.

### Fourth Affirmative Defense

51.  Plaintiffs' claim is barred because Plaintiffs engage in copyright misuse.

### Fifth Affirmative Defense

52.  Plaintiffs' claims are barred by the equitable doctrine of waiver.

### Sixth Affirmative Defense

53.  Plaintiffs' claim is barred due to Plaintiffs' unclean hands.

### Seventh Affirmative Defense

54. Plaintiffs' claim is barred by the equitable doctrine of laches.

### Eighth Affirmative Defense

55. Plaintiffs' claim is barred by the equitable doctrine of estoppel.

### Ninth Affirmative Defense

56. Plaintiffs' claim is barred in whole or in part by collateral estoppel.

### Tenth Affirmative Defense

57. Plaintiffs' claim is barred by Plaintiffs' knowledge, consent and acquiescence.

## COUNTERCLAIM

Defendant and Counterclaimant WTV Systems, Inc., f/k/a WTV Systems, LLC ("Zediva") hereby asserts the following counterclaim against plaintiffs and counterdefendants Warner Bros. Entertainment Inc., Columbia Pictures Industries, Inc., Disney Enterprises, Inc., Paramount Pictures Corporation, Twentieth Century Fox Film Corporation, and Universal City Studios Productions LLLP ("the Studios"), on personal knowledge as to itself and on information and belief as to others, as follows:

### JURISDICTION AND VENUE

58. Zediva's counterclaim for declaratory relief is brought pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201(a), and the Copyright Act, 17 U.S.C. §§ 106(4) and 501.

59. This Court has subject matter jurisdiction over Zediva's counterclaim pursuant to 28 U.S.C. §§ 1331 and 1338.

60. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 because the Studios are subject to personal jurisdiction within it.

## THE PARTIES

61. Counterclaimant WTV Systems, Inc. is a corporation organized and existing under the laws of the state of Delaware with its principal place of business located in Sunnyvale, California.

62. On information and belief, counterdefendant Warner Bros. Entertainment Inc. is a corporation incorporated under the laws of the State of Delaware with its principal place of business located in Burbank, California.

63. On information and belief, counterdefendant Columbia Pictures Industries, Inc. is a corporation incorporated under the laws of the State of Delaware with its principal place of business located in Culver City, California.

64. On information and belief, counterdefendant Disney Enterprises, Inc. is a corporation incorporated under the laws of the State of Delaware with its principal place of business located in Burbank, California.

65. On information and belief, counterdefendant Paramount Pictures Corporation is a corporation incorporated under the laws of the State of Delaware with its principal place of business located in Los Angeles, California.

66. On information and belief, counterdefendant Twentieth Century Fox Film Corporation is a corporation incorporated under the laws of the State of Delaware with its principal place of business located in Los Angeles, California.

67. On information and belief, counterdefendant Universal City Studios Productions LLLP is a limited liability limited partnership duly organized under the laws of the State of Delaware with its principal place of business located in Universal City, California.

## GENERAL ALLEGATIONS

68. Zediva is a DVD rental service. Zediva buys genuine, lawfully made DVDs by the hundreds, and rents them out to its customers. Its customers are then able to watch the DVDs they have rented. The only difference between watching a

rented DVD on the DVD player in one's living room and watching a rented DVD using Zediva is that rather than connecting to the DVD player with a short cable, Zediva lets users connect to the DVD player over the Internet. In this way, Zediva simply functions as a very long cable between the user and the DVD player she has rented.

69. Stores or services that rent out DVDs do not need to obtain a license from copyright holders. This is because once a video rental store buys a DVD, the copyright laws permit it to rent out that copy. The copyright laws do not, of course, permit the video store to make additional DVD copies; that would require a license.

70. Zediva maintains stacks and stacks of real DVD players containing real DVDs, purchased at retail, in its Silicon Valley data center.

71. The user can do no more using Zediva than he can using any other rented DVD and DVD player: he can fast forward, pause, go back, and so on. Users cannot download or copy movies using Zediva. And, like any DVD rental service, a user who wants to watch a DVD which has been rented by another user must wait for it to be returned before he can rent it.

72. This is no trick or gimmick: it is the result of an inherent limitation in the DVD rental business. When a user rents a DVD and DVD player through Zediva, he gains full and exclusive control of that DVD and DVD player during the rental period. He is the only user who can press "Play" or "Pause," and so on, and he is the only user who can see what the DVD player outputs.

73. This is no more a public performance than playing a DVD in one's own living room. It defies common sense to say, as the Studios do, that putting a longer cable between a DVD player and its single viewer transforms a private performance into a public performance.

## FIRST CAUSE OF ACTION
### (Declaratory Judgment of Copyright Non-Infringement)

74. Zediva incorporates herein by reference each and every averment contained in the foregoing paragraphs.

75. In their complaint, the Studios have alleged that the Zediva has infringed the Studios' copyrights in their works by publicly performing the Studios' copyrighted works, allegedly in violation of 17 U.S.C. §§ 106(4) and 501.

76. Based on the foregoing allegations, there exists between the parties a substantial controversy of sufficient immediacy and reality to warrant declaratory relief.

77. Plaintiffs seek a declaratory judgment pursuant to 28 U.S.C. § 2201 and Federal Rule of Civil Procedure 57 that Zediva has not infringed the exclusive right set forth in 17 U.S.C. § 106(4), because Zediva has not performed the Studios' copyrighted works publicly.

## PRAYER FOR RELIEF

WHEREFORE, Zediva accordingly prays for judgment as follows:

    a. For a declaration that that Zediva has not infringed the exclusive right set forth in 17 U.S.C. § 106(4), because Zediva has not performed the Studios' copyrighted works publicly;

    b. For Zediva's attorneys' fees;

    c. For Zediva's costs and disbursements in this action; and

///
///
///
///
///
///
///

1          d.    For such other and further equitable and legal relief as the Court
2  shall find just and proper.

4  Dated: May 16, 2011                DURIE TANGRI LLP

By: _____
     Michael H. Page

Attorneys for Defendants
WTV SYSTEMS, INC. f/k/a WTV SYSTEMS, LLC and VENKATESH SRINIVASAN

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO

    I am employed in the aforesaid County, State of California; I am over the age of eighteen years and not a party to the within entitled action; my business address is: 217 Leidesdorff Street, San Francisco, CA 94111.

    On May 16, 2011, I served the foregoing:

**DEFENDANTS' ANSWER AND COUNTERCLAIM**

on the interested parties in this action:

Glenn D. Pomerantz
Glenn.Pomerantz@mto.com
Kelly M. Klaus
Kelly.Klaus@mto.com
MUNGER, TOLLES & OLSON LLP
355 South Grand Avenue, Thirty-Fifth Floor
Los Angeles, CA 90071-1560
(213)683-9100

Daniel E. Robbins
Dan.Robbins@mpaa.org
Benjamin S. Sheffner
Ben.Sheffner@mpaa.org
15301 Ventura Boulevard, Building E
Sherman Oaks, CA 91403-3102
(818)995-6600

[X]   VIA ELECTRONIC MAIL: I transmitted a PDF version of this document by electronic mail to the party(s) identified above using the email address(es) indicated.

    I declare that I am employed within the office of a member of the bar of this Court at whose direction the service was made.

    Executed on May 16, 2011, at San Francisco, California.

_____