DURIE TANGRI LLP
MICHAEL H. PAGE (SBN 154913)
mpage@durietangri.com
MARK A. LEMLEY (SBN 155830)
mlemley@durietangri.com
JOSEPH C. GRATZ (SBN 240676)
jgratz@durietangri.com
217 Leidesdorff Street
San Francisco, CA 94111
Telephone: 415-362-6666
Facsimile:  415-236-6300

Attorneys for Defendants
WTV SYSTEMS, INC. f/k/a WTV
SYSTEMS, LLC and VENKATESH
SRINIVASAN

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| WARNER BROS. ENTERTAINMENT INC., COLUMBIA PICTURES INDUSTRIES, INC., DISNEY ENTERPRISES, INC., PARAMOUNT PICTURES CORPORATION, TWENTIETH CENTURY FOX FILM CORPORATION, and UNIVERSAL CITY STUDIOS PRODUCTIONS LLLP,<br><br>                Plaintiffs,<br><br>    v.<br><br>WTV SYSTEMS, INC. and WTV SYSTEMS, LLC d/b/a ZEDIVA, and VENKATESH SRINIVASAN,<br><br>                Defendants. | Case No. 2:11-cv-02817-JFW-E<br><br>**DEFENDANTS' RESPONSE TO *AMICUS CURIAE* BRIEF OF CABLEVISION SYSTEMS CORPORATION**<br><br>Date:  July 25, 2011<br>Time:  1:30 p.m.<br>Ctrm:  16<br>Judge: Honorable John F. Walter |
| WTV SYSTEMS, INC.,<br><br>                Counterclaimants,<br><br>    v.<br><br>WARNER BROS. ENTERTAINMENT INC., COLUMBIA PICTURES INDUSTRIES, INC., DISNEY | |

1  ENTERPRISES, INC., PARAMOUNT
   PICTURES CORPORATION,
2  TWENTIETH CENTURY FOX FILM
   CORPORATION, and UNIVERSAL CITY
3  STUDIOS PRODUCTIONS LLLP,
4
             Counterdefendants.
5

DEFENDANTS' RESPONSE TO CABLEVISION *AMICUS CURIAE* BRIEF
CASE NO. 2:11-CV-02817-JFW-E

This Response is submitted pursuant to the Court's Order of July 21, 2011, ECF No. 47.

It comes as no surprise that *amicus curiae* Cablevision Systems Corporation, one of Zediva's rivals, doesn't like competition any more than the Studios do.

Amicus argues that even though only one person can receive a particular transmission using WTV's Zediva service, that transmission is nonetheless "to the public." This is because, they say, *before the performance began*, the recipient of the transmission had not yet been conclusively determined. Memorandum of Law of *Amicus Curiae* Cablevision Systems Corporation ("Cablevision Br.") at 5.

A performance can be "to the public" only if there are multiple "members of the public capable of receiving the performance." 17 U.S.C. § 101. This means that if the audience of a particular transmission is limited to a single viewer, it is not "to the public."

Amicus disagrees with this common-sense interpretation of the statute. It argues that even though each performance can only be seen by one person, other people were nonetheless "capable of receiving the performance" because, in an alternate universe, some other person might have rented the DVD instead. Amicus argues that *everybody* was "capable of receiving" the performance, even though the system was capable of transmitting it only to a single viewer.

In addition to stretching the statutory language beyond its breaking point, this "alternate universe" theory is contrary to controlling Ninth Circuit precedent. Amicus bases its argument on an analogy to hotel rooms:

> In that respect, video-on-demand services are no different from public hotels: We all understand that hotels are "public accommodations" because anyone willing to pay can get a room. The fact that rooms are used on a one-at-a-time basis, and are not available to others once occupied by a guest, does not change the fact that the hotel is opening its rooms "to the public."

Cablevision Br. at 3.

But this is precisely the opposite of what the Ninth Circuit held in *Columbia Pictures Industries, Inc. v. Professional Real Estate Investors, Inc.*, 866 F.2d 278 (9th Cir. 1989).  In that case, the Studios argued "that because La Mancha's hotel rooms can be rented by members of the public, they are 'open to the public,' and therefore, movies viewed in a guest's room at La Mancha are 'performed . . . publicly.'"  *Id.*, 866 F.2d at 280.  The Ninth Circuit rejected the argument that just because anyone *could have* rented the hotel room, it was open to the public.  "While the hotel may indeed be 'open to the public,' a guest's hotel room, once rented, is not."  *Id.* at 281.  The Ninth Circuit found, on this basis, that there had been no public performance.  *Id.* at 281-82.

And amicus's argument is foreclosed by *Professional Real Estate Investors* in another way, as well, by making all video rentals into "public performances."  After all, even though only one person watches a DVD from a traditional rental store, anyone might have walked into the store and rented it.  If one defines the potential audience for a performance as the entire set of people who might have pressed "Play," as amicus does, every playback of a rented DVD in someone's home is a public performance.  But we know that isn't true: it would lead to a contrary result in *Professional Real Estate Investors*, and it is inconsistent with the fact that the Studios tried, and failed, to get Congress to impose a royalty on video rentals in the 1980s.  *See* H.R. 5707, 97th Cong. (1st Sess. 1982).

Finally, it is worth noting that Cablevision's amicus brief acknowledges, unlike the Studios, that a party must act with volition to be a direct infringer.  Cablevision Br. at 6.  Cablevision says that what its employees do is different than what Zediva's employees do.

Fair enough.  But so what?  The question is whether a Zediva employee is the one performing the work.  The answer to that question is "no."  It is the customer who exercises full control over the work; Zediva employees are not even on the premises when the DVDs are being played.  In the *Redd Horne* and *Aveco* cases on which the Studios rely, the Third Circuit found that distinction dispositive.  In *Redd Horne*, where the store

2

employee actually played the DVD for customers, the store was found to be a direct infringer. *Columbia Pictures Indus., Inc. v. Redd Horne, Inc.*, 749 F.2d 154, 157 (3d Cir. 1984). By contrast, in *Aveco*, where the store set up the facilities for video playback but the customers themselves controlled the video player, the Third Circuit found liability only for contributory, not direct, infringement. *Columbia Pictures Indus., Inc. v. Aveco, Inc.*, 800 F.2d 59, 62 (3d Cir. 1986) ("under the Act Aveco's *customers* are the ones performing the works"; Aveco's liability was as a contributory infringer for authorizing the performances by the customers) (emphasis in original).

For these reasons and those in Zediva's Opposition to the Studios' Motion for Preliminary Injunction (ECF No. 32), the Court should deny the Studios' Motion.

Dated: July 22, 2011                                                    DURIE TANGRI LLP


                                                         By:        */s/ Joseph C. Gratz*
                                                                    JOSEPH C. GRATZ

                                                         Attorneys for Defendants and Counterclaimants
                                                         WTV SYSTEMS, INC. f/k/a WTV SYSTEMS, LLC and VENKATESH SRINIVASAN

**CERTIFICATE OF SERVICE**

I certify that all counsel of record are being served on July 22, 2011, with a copy of this document via the Court's CM/ECF system.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on July 22, 2011, at San Francisco, California.

                                          */s/ Joseph C. Gratz*
                                          JOSEPH C. GRATZ