NOTE: CHANGES MADE BY THE COURT

CC: Fiscal

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| WARNER BROS. ENTERTAINMENT INC., COLUMBIA PICTURES INDUSTRIES, INC., DISNEY ENTERPRISES, INC., PARAMOUNT PICTURES CORPORATION, TWENTIETH CENTURY FOX FILM CORPORATION, and UNIVERSAL CITY STUDIOS PRODUCTIONS LLLP,<br><br>Plaintiffs,<br><br>vs.<br><br>WTV SYSTEMS, INC. and WTV SYSTEMS, LLC d/b/a ZEDIVA, and VENKATESH SRINIVASAN,<br><br>Defendants. | **CASE NO.  2:11-cv-02817-JFW-E**<br><br>**PRELIMINARY INJUNCTION** |

**PRELIMINARY INJUNCTION**

On August 1, 2011, the Court entered an Order Granting the Motion of Plaintiffs Warner Bros. Entertainment Inc., Columbia Pictures Industries, Inc., Disney Enterprises, Inc., Paramount Pictures Corporation, Twentieth Century Fox Film Corporation, and Universal City Studios Productions LLLP (collectively "Plaintiffs") for a Preliminary Injunction against Defendants WTV Systems, Inc. and WTV Systems, LLC d/b/a Zediva, and Venkatesh Srinivasan (collectively "Defendants"). Dkt. No. 52 (hereinafter "Order"). The Court incorporates the Order in its entirety herein.

NOTE: CHANGES MADE BY THE COURT
CC: Fiscal

Having determined that a Preliminary Injunction should issue for all of the reasons set forth in the Order, the Court hereby enters the following Preliminary Injunction and ORDERS as follows:

1. For purposes of this Preliminary Injunction, the following definitions shall apply:

   a. "Defendants" shall mean WTV Systems, Inc., WTV Systems, LLC, and Venkatesh Srinivasan, whether acting jointly or individually, and whether or not utilizing the name "Zediva" in connection with any of their actions.

   b. "Zediva Service" shall mean the service that Defendants offer to customers through the website www.zediva.com, and that operates substantially as follows:

   When a customer requests a particular Copyrighted Work, Defendants, through their Zediva service: (1) start the play process on a particular DVD player holding the requested Copyrighted Work; (2) convert the analog video signal from the DVD player holding the requested Copyrighted Work; (3) feed the digital signal into a DVD control server which converts the digital signal to a form suitable for streaming across the internet; (4) convert the digital signal to a format that can be viewed in the player created by Defendants and used on

their website; (5) transmit the performance via the internet to the customer; and (6) provide the customer with a custom viewer necessary to view the video stream.

Order at 3.

   c. "Comparable Service" shall mean any website, system or software that provides comparable functionality to the Zediva Service in terms of transmitting performances from DVDs embodying copies of Copyrighted Works to users via the internet.

   d. "Copyrighted Works" shall mean each of those works, or portions thereof, whether now in existence or later created, in which any Plaintiff (or parent, subsidiary or affiliate of any Plaintiff) owns or controls an exclusive right under the United States Copyright Act, 17 U.S.C. §§ 101 et seq.

   e. "Transfer of a Zediva Service-Related Asset" shall mean any agreement or transaction whatsoever to sell, lease, license, assign, convey, give away, distribute, loan, barter, hypothecate, encumber, pledge or otherwise transfer, whether or not for consideration or compensation, any part of the software, source code, other technology, domain names, trademarks or brands used in connection with the Zediva Service or any Comparable Service.

  2. Defendants, and all of their officers, agents, servants, and employees, and all persons in active concert or participation or in privity with any of them, ARE HEREBY PRELIMINARILY RESTRAINED AND ENJOINED from using any Copyrighted Work in the Zediva Service or any Comparable Service.

  3. The terms of Paragraph 2 of this Preliminary Injunction shall not apply to any Copyrighted Work for which Defendants have obtained express written authorization or license for the use being made of such Copyrighted Work from the Plaintiff (or parent, subsidiary or affiliate of any Plaintiff) that owns or controls the Copyrighted Work, provided that such authorization or license is in force and valid at the time of Defendants' use of the Copyrighted Work.

1    4.    Except as specifically provided below in this Paragraph 4, any
2 Defendant, prior to entering into any Transfer of a Zediva Service-Related Asset,
3 shall require, as a condition of such transaction, that the transferee:
4         a.    submit to this Court's jurisdiction and venue;
5         b.    agree to be bound by the terms of this Preliminary Injunction,
6 for so long as they remain in effect; and
7         c.    apply to the Court promptly for an Order adding the transferee
8 as a party to this Preliminary Injunction.
9 Defendants shall not permit the closure of any Transfer of a Zediva Service-Related
10 Asset until the Court has entered such Order.  The foregoing requirements of this
11 Paragraph 4 shall not apply to the Transfer of a Zediva Service-Related Asset
12 consisting of pieces of hardware that have been used in connection with the Zediva
13 Service or any Comparable Service, including servers (provided that all content has
14 been permanently removed from such server prior to transfer), DVD players, video
15 adapters, or mounting brackets, <u>provided</u> that no initial or ultimate transferee shall
16 obtain substantially all of the hardware used in connection with the Zediva Service
17 or any Comparable Service.
18    5.    Defendants shall not engage in any Transfer of a Zediva Service-
19 Related Asset (including any transfer of hardware described in the last sentence of
20 Paragraph 4 above) with or to any party whom Defendants know to be engaged in,
21 or intend to be engaged in, conduct that, if engaged in by persons bound by this
22 Preliminary Injunction, would violate the terms of this Preliminary Injunction.
23    6.    Violation of this Preliminary Injunction shall expose Defendants and
24 all other persons bound by this Preliminary Injunction to all applicable penalties,
25 including contempt of Court.
26    7.    Within two days of the date the Court enters this Preliminary
27 Injunction, Plaintiffs shall post security pursuant to Federal Rule of Civil Procedure
28 65 in the amount of $50,000 to compensate Defendants for their losses, if any, in

the event that this injunction is reversed or vacated. Plaintiffs may post security by submitting a bond or undertaking, cashier's check or wire transfer to, and as directed, by the Clerk of the Court.

8. Within fourteen days of the date the Court enters this Preliminary Injunction, Defendants shall file and serve a report in writing and under oath setting forth in detail the manner and form with which Defendants have complied with the Preliminary Injunction.

IT IS SO ORDERED.

Dated: August 15, 2011

_____
THE HONORABLE JOHN F. WALTER
UNITED STATES DISTRICT JUDGE