GLENN D. POMERANTZ (SBN 112503)
Glenn.Pomerantz@mto.com
KELLY M. KLAUS (SBN 161091)
Kelly.Klaus@mto.com
MUNGER, TOLLES & OLSON LLP
355 South Grand Avenue, Thirty-Fifth Floor
Los Angeles, CA 90071-1560
Tel: (213) 683-9100; Fax: (213) 687-3702

DANIEL E. ROBBINS (SBN 156934)
Dan_Robbins@mpaa.org
BENJAMIN S. SHEFFNER (SBN 212629)
Ben_Sheffner@mpaa.org
15301 Ventura Boulevard, Building E
Sherman Oaks, California 91403-3102
Tel: (818) 995-6600; Fax: (818) 285-4403

Attorneys for
Motion Picture Studio Plaintiffs

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| WARNER BROS. ENTERTAINMENT INC., COLUMBIA PICTURES INDUSTRIES, INC., DISNEY ENTERPRISES, INC., PARAMOUNT PICTURES CORPORATION, TWENTIETH CENTURY FOX FILM CORPORATION, and UNIVERSAL CITY STUDIOS PRODUCTIONS LLLP,<br><br>Plaintiffs,<br><br>vs.<br><br>WTV SYSTEMS, INC. and WTV SYSTEMS, LLC d/b/a ZEDIVA, and VENKATESH SRINIVASAN,<br><br>Defendants. | **CASE NO. 2:11-cv-02817-JFW-E**<br><br>**MOTION PICTURE STUDIO PLAINTIFFS' REQUEST FOR PUBLICATION** |

14975836.1

PLS' REQUEST FOR PUBLICATION
2:11-CV-02817-JFW-E

1   Plaintiffs Warner Bros. Entertainment Inc., Columbia Pictures Industries, Inc., Disney Enterprises, Inc., Paramount Pictures Corporation, Twentieth Century Fox Film Corporation, and Universal City Studios Productions LLLP respectfully request that the Court submit its August 1, 2011 Order Granting Motion of Motion Picture Studio Plaintiffs for Preliminary Injunction, Dkt. No. 52 ("Order") to West Publishing for publication in the Federal Supplement.

The Court's Order provides important analysis concerning the application of well-settled law on the Copyright Act's public performance right to an Internet-based streaming service. The Order discusses in detail the meaning of the "transmit" clause in the Act's definition underlying the public performance right. In particular, the Order analyzes what it means for Internet streaming transmissions to be "to the public" under the clause.

The Court's Order is likely to be of significant interest to other courts and practitioners confronting the same or similar issues. There is widespread use of copyrighted content on the Internet today, and such use will only increase in the years to come. The particular Internet technology in issue—Internet streaming—is a common and increasingly ubiquitous fixture in today's world. The Order provides market participants (including copyright owners and those who intend to use copyrighted content on websites), their lawyers, and other courts facing similar issues with an explication of the ground rules regarding the scope of the public performance right and the irreparable harm suffered by copyright owners from unauthorized use of their content on the Internet.

The principles that the Court applied in the Order have been settled for decades, as set forth in cases that the Court discussed in the Order, *On Command Video Corp. v. Columbia Pictures Indus.*, 777 F. Supp. 787 (N.D. Cal. 1991), and *Columbia Pictures Indus., Inc. v. Redd Horne, Inc.*, 749 F.2d 154 (3d Cir. 1984). That does not undermine, but in fact underscores, the case for publishing the Order. The Defendants' opposition to Plaintiffs' preliminary injunction motion argued that

1  the relative number of published decisions in this area and their vintage supported
2  applying a different set of legal rules in this factual context.  *See* Dkt. No. 32 at 10-
3  11.  The publication of an Order analyzing and applying settled principles in the
4  context of a different technology demonstrates that the legal principles remain the
5  same, and thereby promotes predictability and stability in the law.

6       Plaintiffs therefore respectfully request that the Court submit the Order to
7  West Publishing for publication in the Federal Supplement.  We understand that
8  West ordinarily will not publish a decision in the Federal Supplement without the
9  authoring Judge submitting his or her opinion for publication.  If the Court does not
10 want to submit the Order for publication in the Federal Supplement, Plaintiffs
11 would like to have their counsel submit the Order to West for possible publication
12 in the "Westlaw" database.  If West includes the Order in the Westlaw database, the
13 Order will appear online (but not in the bound volumes) and will have a "WL"
14 citation.

DATED: September 1, 2011         MUNGER, TOLLES & OLSON LLP

                                 By:   */s/ Kelly M. Klaus*
                                         KELLY M. KLAUS

                                 Attorneys for Motion Picture Studio Plaintiffs