JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| WARNER BROS. ENTERTAINMENT INC., COLUMBIA PICTURES INDUSTRIES, INC., DISNEY ENTERPRISES, INC., PARAMOUNT PICTURES CORPORATION, TWENTIETH CENTURY FOX FILM CORPORATION, and UNIVERSAL CITY STUDIOS PRODUCTIONS LLLP,<br><br>    Plaintiffs,<br><br>    vs.<br><br>WTV SYSTEMS, INC. and WTV SYSTEMS, LLC d/b/a ZEDIVA, and VENKATESH SRINIVASAN,<br><br>    Defendants. | CASE NO.  2:11-cv-02817-JFW-E<br><br>STIPULATED CONSENT JUDGMENT AND PERMANENT INJUNCTION |

Pursuant to the Settlement Agreement reached between Plaintiffs and Defendants, the foregoing stipulation of the Parties, and for good cause shown, the Court hereby enters the following Stipulated Consent Judgment and Permanent Injunction:

**STIPULATED CONSENT JUDGMENT AND PERMANENT INJUNCTION**

1.      For purposes of this Stipulated Consent Judgment and Permanent Injunction, the following definitions shall apply:

a. "Defendants" shall mean WTV Systems, Inc., WTV Systems, LLC, and Venkatesh Srinivasan, whether acting jointly or individually, and whether or not utilizing the name "Zediva" in connection with any of their actions.

b. "Zediva Service" shall mean the service that Defendants have offered to customers through the website www.zediva.com, and that operated substantially as follows:

> When a customer requests a particular Copyrighted Work, Defendants, through their Zediva service: (1) start the play process on a particular DVD player holding the requested Copyrighted Work; (2) convert the analog video signal from the DVD player holding the requested Copyrighted Work; (3) feed the digital signal into a DVD control server which converts the digital signal to a form suitable for streaming across the internet; (4) convert the digital signal to a format that can be viewed in the player created by Defendants and used on their website; (5) transmit the performance via the internet to the customer; and (6) provide the customer with a custom viewer necessary to view the video stream.

Preliminary Injunction Order, Dkt. No. 52, at 3.

c. "Comparable Service" shall mean any website, system or software that provides comparable functionality to the Zediva Service in terms of transmitting performances from DVDs embodying copies of Copyrighted Works to users via the internet.

d. "Copyrighted Works" shall mean each of those works, or portions thereof, whether now in existence or later created, in which any Plaintiff (or parent, subsidiary or affiliate of any Plaintiff) owns or controls an exclusive right under the United States Copyright Act, 17 U.S.C. §§ 101 et seq.

e. "Transfer of a Zediva Service-Related Asset" shall mean any agreement or transaction whatsoever to sell, lease, license, assign, convey, give away, distribute, loan, barter, hypothecate, encumber, pledge or otherwise transfer, whether or not for consideration or compensation, any part of the software, source code, other technology, domain names, trademarks or brands used in connection with the Zediva Service or any Comparable Service.

2. Defendants, and all of their officers, directors, agents, servants, and employees, and all persons in active concert or participation or in privity with any of them, ARE HEREBY PERMANENTLY RESTRAINED AND ENJOINED from using any Copyrighted Work in the Zediva Service or any Comparable Service.

3. The terms of Paragraph 2 of this Stipulated Consent Judgment and Permanent Injunction shall not apply to any Copyrighted Work for which Defendants have obtained express written authorization or license for the use being made of such Copyrighted Work from the Plaintiff (or parent, subsidiary or affiliate of any Plaintiff) that owns or controls the Copyrighted Work, provided that such authorization or license is in force and valid at the time of Defendants' use of the Copyrighted Work.

4. Except as specifically provided below in this Paragraph 4, any Defendant, prior to entering into any Transfer of a Zediva Service-Related Asset, shall require, as a condition of such transaction, that the transferee:

a. submit to this Court's jurisdiction and venue;

b. agree to be bound by the terms of this Permanent Injunction, for so long as they remain in effect; and

c. apply to the Court promptly for an Order adding the transferee as a party to this Permanent Injunction.

Defendants shall not permit the closure of any Transfer of a Zediva Service-Related Asset until the Court has entered such Order. The foregoing requirements of this Paragraph 4 shall not apply to the Transfer of a Zediva Service-Related Asset consisting of pieces of hardware that have been used in connection with the Zediva Service or any Comparable Service, including servers (provided that all content has been permanently removed from such server prior to transfer), DVD players, video adapters, or mounting brackets, provided that no initial or ultimate transferee shall obtain substantially all of the hardware used in connection with the Zediva Service or any Comparable Service.

5. Defendants shall not engage in any Transfer of a Zediva Service-Related Asset (including any transfer of hardware described in the last sentence of Paragraph 4 above) with or

to any party whom Defendants know to be engaged in, or intends to be engaged in, conduct that, if engaged in by persons bound by this Stipulated Consent Judgment and Permanent Injunction, would violate the terms of this Stipulated Consent Judgment and Permanent Injunction.

6.  Violation of this Stipulated Consent Judgment and Permanent Injunction shall expose Defendants and all other persons bound by this Stipulated Consent Judgment and Permanent Injunction to all applicable penalties, including contempt of Court.

7.  All claims and defenses in this action are hereby resolved by this Stipulated Consent Judgment and Permanent Injunction.

8.  This Court shall retain continuing jurisdiction over the Parties and the action for purposes of enforcing this Stipulated Consent Judgment and Permanent Injunction and/or enforcing the Parties' Settlement Agreement.

IT IS SO ORDERED.

Dated:  October 28, 2011

_____
THE HONORABLE JOHN F. WALTER
UNITED STATES DISTRICT JUDGE